[No. 13670.    Department One. — June 13, 1890.]

## G. F. SMITH ET AL., RESPONDENTS, v. SUSIE SOLOMON, APPELLANT.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT IN TIME — When there is an unexcused failure to file the transcript on appeal within the time prescribed by the rule of this court, and it appears that the time has passed for preparing and serving a bill of exceptions or statement, and that none has been served or offered for settlement, the appeal will be dismissed.

ID. — FORECLOSURE OF MECHANIC'S LIEN — ALLOWANCE OF ATTORNEY'S FEES UPON APPEAL. — When the appeal thus dismissed is from a judg-

ment foreclosing a mechanic's lien, the court below will be directed to allow, as additional costs in the case, a reasonable attorney's fee for the services of the attorney for respondent in this court.

Motion to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Beatty & Fowler,* for Appellant.

*George D. Collins,* for Respondents.

Fox, J.—Appeal from judgment foreclosing mechanic's lien. Motion to dismiss appeal for failure to file transcript in time.

Judgment was rendered and entered November 25, 1889. Appeal perfected December 7, 1889. The transcript was due in this court January 16, 1890, there being no bill of exceptions or statement settled or filed. Notice of this motion given January 20, 1890, showing that the same would be made on certificate of the clerk of the court below, which was also filed, dated January 17th, showing that no bill of exceptions or statement had been settled or filed in the cause, and that he had not been requested to certify any transcript in the cause. Appellant, by affidavit, attempts to excuse the delay in filing transcript by showing that the bill of exceptions had not been settled, relying upon rule 3 of this court, which requires that the transcript shall be filed within forty days after the appeal is perfected, and the bill of exceptions and statement (if there be any) are settled. But that does not help out the case; for the same affidavits show that no attempt was made to settle bill of exceptions until January 10, 1890, more than forty days after the entry of judgment, and then the only attempt was to speak to the counsel of respondent about it. No proposed bill of exceptions has ever been served or offered to the judge for settlement. No extension of the time

in which to settle the same had ever been given by coun-
sel, and the time allowed by law, and all the time which
the court had power to give in which to prepare and
serve upon opposite counsel a proposed bill of exceptions,
had expired before said opposite counsel had been even
spoken to upon the subject. (See Code Civ. Proc., secs.
650, 1054.) It was therefore too late to settle any bill of
exceptions in the case, and no satisfactory excuse is given
for failure to file the transcript in time.

It is therefore ordered that the appeal be dismissed,
and the court below is directed, under section 1195 of
the Code of Civil Procedure, to allow, as additional costs
in the case, a reasonable attorney's fee for the services
of the attorney of respondent in this court.

PATERSON, J., and BEATTY, C. J., concurred.