McCaleb et al *v.* McCaleb et al.

[70 South. 563.]

1. APPEAL ANL ERROR. *Presentation for review. Assignment of error. Briefs. Suggestion of error. Issues as to cost. Parties.*
    Where a question is not raised by assignment of error nor mentioned in brief of appellant, it need not be considered by the supreme court on appeal.

2. SUGGESTION OF ERROR. *Issue as to cost. Parties.*
    Where, on suggestion of error after affirmance of a judgment providing that fees paid out of the county treasury to persons summoned as jurors should be taxed as cost in the cause, the only question presented is as to the taxation of such cost, and it appears that the controversy is between appellants and the county, and that appellees are not interested therein, the mandate will be withheld and the cause retained so that appellants may file an assignment of error raising such point and a copy thereof served on the attorney-general, and time will then be given to file briefs.

APPEAL from the chancery court of Harrison county.
Hon. J. M. STEVENS, Chancellor.
, Suit between Chas. McCaleb and others and Annie L. McCaleb and others. From a judgment the first parties mentioned appeals.

The facts are fully stated in the opinion of the court

*Neville & Moss,* for appellant.

*Mize & Mize,* for appellee.

SMITH, C. J., delivered the opinion of the court.

PER CURIAM. *Affirmed.*

ON SUGGESTION OF ERROR.

This is an appeal from a decree against appellants on an issue *devisavit vel non* in the court below. The

order in the court below allowing the fees of the persons summoned as jurors to be paid out of the county treasury contained also a provision that "the allowances aforesaid, together with all other costs in this cause, be taxed as costs in this cause and included in the judgment to be entered in the disposition of this cause." Appellants now suggest that we erred in affirming the judgment of the court below in so far as this item of court costs is concerned, and to that extent judgment should be reversed.

The question here presented was not raised by the assignment of error, and is not referred to in either of the briefs filed by counsel for appellants upon the original hearing of this cause, so that it was not presented to us for adjudication, and therefore we committed no error in affirming the decree of the court below. While this court has the right on its own motion to raise questions not included in the assignment of error, it is not called upon, and ordinarily does not pass upon any question not raised thereby; so that the suggestion of error must be overruled.

The question here presented, however is one with which appellees have no concern, and is really a controversy between appellants and the county of Harrison. This being true, the mandate will be withheld and the cause retained so that appellants may within ten days file an assignment of error raising the point here in question, serving a copy thereof upon the attorney-general; appellants' brief to be filed within one week after the filing of the assignment of error; the brief of the attorney-general, should he desire to reply thereto, to be filed within one week thereafter; and appellants' reply to be filed within five days after the filing of the attorney-general's brief.

The matter will then be passed upon by the court without a further formal submission of the cause.