[L. A. No. 4541.  In Bank.—May 8, 1918.]

## LOS ANGELES STONE COMPANY (a Corporation), Respondent, v. NATIONAL SURETY COMPANY, Appellant.

STREET IMPROVEMENTS—PUBLIC CONTRACT—VROOMAN ACT—BOND FOR MATERIALS AND LABOR—LIABILITY OF SURETY.—The liability of the surety on a bond for labor and materials given under the provisions of section 6½ of the Vrooman Act, in connection with a contract for the improvement of a city street by public contract, does not depend upon the validity of the contract or the faithful performance thereof by the contractor, but is an independent contract that in case the principal fails in his obligations, either express or implied, to pay for materials or labor furnished in doing the work described in his contract with the city, the surety will pay them.

ID.—ACTION BY MATERIALMAN AGAINST SURETY—UNAUTHORIZED EXTENSION OF TIME.—The right of a materialman to recover on such a bond is unaffected by the fact that the materials constituting the subject of the action were furnished and used in completing the work under an extension of time for so doing made by the board of public works, which, by reason of the time of completion having expired, the board had no power to make.

ID.—EFFECT OF EXTENSION ON LIABILITY OF SURETY.—A valid extension, even, of the time fixed by the contract for completion of the work does not exonerate the surety on such a bond, because the principle that a material alteration of the contract exonerates the surety has

no application in such case, the surety's obligation being not for the performance of the contract claimed to have been altered, but independent thereof, and given for a wholly different purpose, and the covenant in the bond being not for the benefit of the city as a party to the contract, but for the benefit of all persons furnishing labor and materials to the contractor.

ID.—LITERAL CONSTRUCTION OF BOND.—The rule which permits a surety to stand upon his strict legal rights should not be construed as limiting the benefit of such a bond to those only who supply labor and materials directly to the contractor, but the covenant in the bond should be read in the light of the statute, the purpose of which was to protect those who furnish labor and materials for the work described in the contract, and not the particular engagements under which the work is done.

ID.—CLAIM FILED IN TIME—FINDING CONCLUSIVE.—In the absence of anything in the record to the contrary, a finding that the plaintiff filed his claim in the proper office within thirty days from the completion of the work is conclusive.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Allen & Weyl, for Appellant.

Gurney E. Newlin, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Acting under the city charter and pursuant to the provisions of the Vrooman Act, [Stats. 1885, p. 147], the board of public works of the city of Los Angeles duly entered into a contract with defendant Standard Construction & Development Company for the improvement of Melrose Avenue, in said city. By the terms of the contract the work was to be completed within 210 days from the date thereof, which was September 14, 1912. With the execution of the contract the contractor, as principal, and the National Surety Company, as surety, in pursuance with the provisions of section 6½ of the act under which the proceedings were had and taken (Act 3930, Gen. Laws 1915, p. 1722), executed a bond, which, after reciting that the principal therein named had entered into a contract for doing the work specified therein, obligated itself as follows: "Now, therefore, if the said principal fails to pay for any materials

furnished for the work of improvement described in said contract, or for any work or labor done thereon of any kind, the said sureties will pay the same to an amount not exceeding said sum of $25,600. This bond shall inure to the benefit of any and all persons, companies or corporations who perform labor on or furnish materials to be used in said work of improvement.'' The bond was duly approved and the contractor entered upon the performance of the work, which, under extensions duly granted by the board of public works, it, and its assignees, continued to June 11, 1913, on which day the time for completing the improvement within the extensions of the contract theretofore duly made expired. Notwithstanding such termination of the contract and the fact that by reason thereof the board of public works was divested of all power to further extend the time for completing the improvement, said board did, on June 12th, make a purported order further extending the time within which, and other like extensions made, the work of improving the street was completed in accordance with the specifications therefor.

This action was to recover upon said bond and from the surety thereof the value of labor and materials furnished by plaintiff and used in doing the work at a date subsequent to June 11, 1913, when, as stated, the time for doing the work had expired. Judgment went for plaintiff, from which the defendant National Surety Company appeals.

Appellant's chief contention is that since under the terms and extensions of the contract the time for doing the work specified therein expired on June 11th, no recovery can be had on the bond for the value of materials furnished by plaintiff subsequent to said date.

No lien for materials or labor attaches to public improvements, and the purpose clearly intended by the legislature in requiring the giving of such bond was to provide a security for materialmen and laborers to which they could confidently look for protection against loss. The bond under consideration is in the terms of the statute, and, in addition to stating that if the contractor named as principal therein failed to pay for material furnished for the work *described in the contract* or labor done thereon the surety would pay the same, contained the provision that ''this bond shall inure to the benefit of any and all persons, companies or corporations who perform labor on or furnish materials in said work of improve-

-ment.'' The only purpose served by such reference to the contract (for the faithful performance of which another bond is required) was to identify the particular work to which the bond related. The obligation of the surety does not depend upon the validity of the contract or the faithful performance thereof by the contractor. It exists independently of such facts. The covenant is that in case the principal fails, not in the performance of his contract with the city, but in his obligations, express or implied, to pay for materials furnished in doing the work *described in his contract* with the city, the surety will pay them. ''The surety is charged with notice that he is entering into what is in a very proper sense a public obligation and one that will be relied upon by persons who can in no manner control the conduct of the nominal obligee and with respect to whom the latter is a mere trustee.'' (*Equitable Surety Co.* v. *United States*, 234 U. S. 448, [58 L. Ed. 1394, 34 Sup. Ct. Rep. 803].) Hence, the question as to whether the contract under which the work is done be a valid one or whether the contractor fails to perform it according to its terms and specifications entitling him to an acceptance of the same as completed is no concern of the persons furnishing materials for the work. Unaffected by irregularities in the procedure or defects which render the contract void, the materialman may look to the covenant of the surety, which, in effect, is an express promise in case of failure so to do by the principal to pay any and all debts of the contractor in so far as they are incurred for labor and materials furnished in performing the work. (*French* v. *Powell*, 135 Cal. 636, [68 Pac. 92].) Otherwise, and ''if the sureties on the bond can defeat the claims of laborers and materialmen because of irregularities in the making of the contract referred to in the bond, it follows that every man who contemplates selling a foot of pipe to a contractor and every laborer before commencing work with his shovel must employ counsel learned in the law to ascertain whether the corporation counsel has properly performed his duties,'' verify the statement of the surety that the contract, reference to which is made in the bond, is valid and binding, and see that it is faithfully performed. (*Bell* v. *Kirkland*, 102 Minn. 213, [13 L. R. A. (N. S.) 793, 113 N. W. 271].) Obviously, to so interpret the statute would defeat the purpose of its enactment. In the case of *Kansas City Hydraulic Press Brick Co.* v. *National*

*Surety Co.,* 149 Fed. 507, the court in considering a like question under a similar statute said: "The simple proposition so far as this question is concerned is this: The plaintiff furnished material to Atkin. Atkin agreed to pay for it. The Surety Company agreed that if Atkin did not it would, and the consideration of this agreement to do so was the furnishing of materials by plaintiff to Atkin and the payment of the usual premiums for signing such bonds, and in the opinion of this court that contract stands untainted and in full integrity, regardless of the invalidity of the contract between Atkin and the city of Kansas City." The bond on the part of the Surety Company must be deemed an independent contract, whereby it agreed, subject to payment by the principal therein named, to pay for labor and materials furnished the contractor in doing certain street work specified in a contract with the city therefor, and the right of a materialman to recover thereon is unaffected by the fact that the materials constituting the subject of the action were furnished and used in completing the work under an extension of time for so doing made by the board of public works which, by reason of the time of completion having expired, such board had no power to make.

While appellant concedes that all orders extending the time for doing the work made prior to June 12th were lawfully made, it nevertheless insists the effect of such extensions so made was to release the surety from liability to materialmen. This contention is based upon the claim that since the contract as originally drawn fixed the time for the performance thereof, the extension granted constituted a material alteration of the contract, by reason of which, since the surety is entitled to stand upon the strict terms of his contract, it is exonerated. The principle invoked has no application to the bond under consideration, for the reason that, as heretofore stated, the surety's obligation is not for the performance of the contract so claimed to have been altered, but independent thereof and given for a wholly different purpose. (*United States Fidelity & Guaranty Co.* v. *United States,* 191 U. S. 416, [48 L. Ed. 242, 24 Sup. Ct. Rep. 142].) The covenant contained in the bond is not for the benefit of the city as a party to the contract for doing the street work, but for the benefit of all persons furnishing labor and materials to the contractor for doing the same.

There is no merit in the contention that the surety was exonerated from liability by reason of the fact that the con-

tractor, without the consent of appellant, made assignments of the contract for doing the work. As to these assignments, the court by findings upon which no attack is made found that the assignment made to Powell was to secure the latter for money advanced by him to enable the contractor to do the work. None of the work was done by Powell and no materials furnished to him. Subject to the right of Powell under this naked assignment, the contractor, for the purpose of enabling J. L. Davis, *as its agent,* to complete the contract, assigned the same to him, who thereafter, as the duly *authorized agent* of and *acting for the contractor,* completed the improvement, the materials for which were delivered to Davis *as such agent* of the contractor, who agreed to pay therefor. While these findings dispose of appellant's contention, we may say that the rule which permits a surety to stand upon his strict legal rights should not be construed as limiting the benefits of a bond of this character to those only who supply labor and materials directly to the contractor. The covenant in the bond should be read in the light of the statute, the purpose of which was to protect those who furnish labor and materials for work described in the contract and not the particular engagements under which the work is done. (See *French* v. *Powell,* 135 Cal. 636, [68 Pac. 92]; *Williams* v. *Tingey,* 26 Cal. App. 574, [147 Pac. 584]; *Hill* v. *American Surety Co.,* 200 U. S. 197, [50 L. Ed. 437, 26 Sup. Ct. Rep. 168]; *Flagstaff M. Co.* v. *Cullins,* 104 U. S. 176, [26 L. Ed. 704].)

Under the provision of section 6½ of the act, materialmen and laborers, in order to maintain suit to recover therefor, are required to file their claims with the proper officer "within thirty days from the time the improvement is completed." Appellant insists that part of plaintiff's claim, while filed within thirty days after the acceptance of the work, was not filed until the expiration of thirty days from actual completion thereof. The court, however, found that plaintiff, as provided in section 6½ of the act, did file its claim in the proper office within thirty days from the completion of the work. In the absence of any evidence to the contrary disclosed by the record, appellant is bound by this finding.

The judgment is affirmed.

Melvin, J., Sloss, J., Wilbur, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.