EXCELLO FEED MILLING Co. *v.* UNITED STATES FIDELITY & GUARANTY Co. *et al.**

(Division A.   Dec. 13, 1926.   Suggestion of Error Overruled Jan.

24, 1927.)

[111 So. 94.   No. 26038.]

1. PLEADING.  *Filing amended petition waives any error in sustaining demurrer to petition.*

    Any error in sustaining demurrer to petition for nonjoinder of party is waived by filing amended petition.

2. HIGHWAYS.  *Bond of contractor for construction of highway protects materialmen, though after its execution one of partners of contracting firm becomes sole remaining member (Laws 1918, chapter 217).*

    Bond of contractor for construction of public highway, required by Laws 1918, chapter 217, to obligate contractor to promptly pay all persons supplying material for the work, and reciting that principal shall pay all persons furnishing said principal with material in course of performance of work, protects persons furnishing material for performance of contract, whether furnished directly to contractor or to another who performs the work for him, and this is so where, after giving of bond, all but one of contracting firm retire from it, and the one remaining performs the contract pursuant to the original obligation.

ON SUGGESTION OF ERROR.

3. APPEAL AND ERROR.  *It cannot be assumed that record on appeal is complete, and that publication not there was not made (supreme court rule 2).*

    In view of supreme court rule 2, limiting things that shall be contained in transcript, unless appellant requests more, it cannot be assumed that the record is complete and that therefore a publication, not in transcript, and not required to be there, was not made as required.

4. HIGHWAYS.  *Sufficiency of declaration in suit on bond of road contractor is not affected by nonpublication of notice of suit (Laws 1918, chapter 217, section 6).*

That in suit on road contractor's bond there was no publication of notice of pendency of suit, required by Laws 1918, chapter 217, section 6, does not affect sufficiency of declaration; the only effect of absence of the publication, purpose of which is to notify other claimants of pendency of the suit, being that judgment could not be rendered for plaintiff till the publication was made.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 795, n. 94; Highways, 29CJ, p. 612, n. 49; p. 613, n. 75; Pleading, 31Cyc, p. 745, n. 20; p. 747, n. 32; p. 749, n. 34. Waiver of demurrer by filing other pleadings, see 21 R. C. L. 622; 6 R. C. L. Supp. 1276. As to whether change of principals to obligation is discharge of surety, see annotation in 10 L. R. A. (N. S.) 1160; 21 R. C. L. 1061; 3 R. C. L. Supp. 1213; 6 R. C. L. Supp. 1298.

Appeal from circuit court of Warren county.
Hon. E. L. Brien, Judge.

Action by Excello Feed Milling Company against the United States Fidelity & Guaranty Company and others. From an adverse judgment, plaintiff appeals. Affirmed in part, and reversed in part.

*Brunini & Hirsch,* for appellant.

I.    The demurrer of the United States Fidelity & Guaranty Company was based on the contention that under chapter 217, Laws of 1918, the action necessarily had to be joint against the principal and surety; and that the question was jurisdictional. Appellant countered by setting up that it was not jurisdictional; and the want of a proper party must be raised by plea and not by demurrer. Section 506, Hemingway's. Code. This court in *Campbell* v. *Farmers Bank,* 127 Miss. 668; *Aven* v. *Singleton,* 132 Miss. 256; *Horne* v. *Tartt,* 76 Miss. 304, announced that the foregoing section meant what it said.

Was it necessary to join the principals, the contractors? The bond was joint and several. See section 2170, Hemingway's Code. This court has said that this section means what it says. See *Steen* v. *Finley,* 25 Miss. 535; *Hattiesburg Hdw. Co.* v. *Pittsburg Steel Co.,* 115

Miss. 663; *Davis* v. *State,* 118 Miss. 577; and, also, *Standard Oil Co.* v. *Nat'l Surety Co.,* 107 So. 559, where the contractor made the opposite contention to the effect that there was no joint obligation between it and the surety.

Sections 2907 and 2910, Hemingway's Code, dealing with principal and surety recognize that the surety may be sued alone and shows that it is perfectly consistent with section 2170, Hemingway's Code. We submit that the lower court erred, first in not striking the demurrer from the files; and, second, in sustaining the demurrer to the original declaration and in taxing the costs against appellant.

II. The demurrers of Smith and Brister and the United States Fidelity & Guaranty Company to the amended declaration were erroneously sustained. Appellees, Smith and Brister, contend that as the material for which appellant sues was furnished and delivered to B. H. Bass and used by him in carrying out the contract of the partnership, that they are not liable as at that time they had retired from the partnership, and the United States Fidelity & Guaranty Company contends that on the retirement of Brister and Smith their liability ceased insofar as furnishing material subsequently to Bass for carrying out the contract. The rule of *"strictissimi juris"* does not apply to bonds of this character. 21 R. C. L., page 985, section 35; *Royal Indemnity Co.* v. *Northern G. & S. Co.,* 100 Ohio St. 373, 126 N.. E. 405; 12 A. L. R. 378, and note citing *Topeka* v. *Federal Union Surety Co.* (1914), 130 C. C. A. 364, 213 Fed. 958; *U. S. F. & G. Co.* v. *Poetker* (1913), 180 Ind. 255, L. R. A. 1917B 984, 102 N. E. 372; *Whitestown* v. *Title Guaranty & Surety Co.* (1911), 72 Misc. 498, 131 N. Y. Supp. 390; affirmed on opinion below in (1911) 148 App. Div. 900, 132 N. Y. Supp. 1149, which is affirmed without opinion in (1913) 209 N. Y. 512, 102 N. E. 1115; *Atl. Trust & D. Co.* v. *Laurinburg* (1908), C. C. A. 274, 163

Fed. 690; *Am. Surety Co.* v.. *Pauley* (1898), 170 U. S. 133, 42 L. Ed. 977, 18 Sup. Ct. Rep. 552; *Tebbets* v. *Mercantile Credit Guarantee Co.* (1896), 19 C. C. A. 281, 38 U. S. App. 431, 73 Fed. 95; *Carstairs* v. *American Bonding & T. Co.* (1902), 54 C. C. A. 85, 116 Fed. 449, writ of *certiorari* denied in (1902) 187 U. S. 644, 47 L. Ed. 346, 23 Sup. Ct. Rep. 844; *Nat'l Surety Co.* v. *McCormick* (1920), — C. C. A., 268 Fed. 185; *Am. Bonding Co.* v. *Morrow* (1906), 80 Ark. 49, 117 A. S. R. 72, 96 S. W. 613. See, also, 21 R. C. L., section 104, page 1061; *Friendly* v. *Nat'l Surety Co.* (Wash.), 89 Pac. 177; 10 L. R. A. (N. S.) 1160. *Kaufman* v. *Cooper* (Neb.), 65 N. W. is also an answer to appellees. *Los Angeles Stone Co* v. *Nat'l Surety Co.* (Cal.), 173 Pac. 79, is illuminating. Directly in point is *U. S. F. & G. Co.* v. *Burton Lbr. Co.*, 221 S. W. 699. We also believe that the exceptions stated in 32 Cyc., page 83, will control in this case.

The contract in this case, with the bond, was made to secure the materialmen in furnishing material upon the particular building contracted to be erected by the partnership. The object of the statutes was to protect this class of creditors and it seems to us that it can make no difference as to such creditors whether one or both contractors completed the work, or received the material, the partnership is nevertheless liable, as found in this case by the judgment of the court. See *Ill. Surety Co.* v. *John Davis Co.*, 244 U. S. 376, 61 L. Ed. 1206.

*H. V. Wall*, for appellees, *J. Q. Brister* and *S. J. Smith*.

The declaration shows on its face that there was no contractual relation between the plaintiff and B. H. Bass & Company. The feed was purchased by B. H. Bass. The contract was made with B. H. Bass personally, and the declaration states that it was made after the partnership had been dissolved.

It is fundamental that unless there is some kind of contractual relation between the parties, there can be no liability.

*R. L. McLaurin* and *A. A. Chaney,* for appellee, United States Fidelity & Guaranty Company.

Under chapter 217, Laws of 1918, it will be observed, the complaint must be against the contractors and their sureties. Section 2 of the act so provides. The question, therefore, is a jurisdictional one and it could be brought to the attention of the court in any manner. Even if the question was not a jurisdictional one, the proper procedure was to raise the point by demurrer for the reason that the objection appears on the face of the pleadings. I Ency. Pleading and Practice, page 14. *U. S. F. & G. Co.* v. *Mobley,* 108 So. 501.

Practically all of the brief of appellant is taken up with a discussion of a proper construction of the contract—the bond. This question does not enter into the case. The question is whether or not there is a material change in the obligation assumed—whether or not a surety who guarantees a firm composed of a number of individuals can be held liable where there is a change in the firm, where the firm is dissolved without notice to the surety, and where a sole remaining member of the old firm, independently and not in the old firm name, incurs an obligation.

Appellant cites the note in *Friendly* v. *Ins. Co.,* 10 L. R. A. 1160. We would direct the court's attention to the note in this case appearing on pages 1160-1162, especially to *Dupee* v. *Blake,* 148 Ill. 453. In the case at bar two of the partners retired entirely from the firm, sold their interest to Bass. The management was, therefore, changed. He did not become a subcontractor for Smith and Brister, but became the sole owner of the business. 27 Am. and Eng. Ency. of Law (2nd Ed.), page 459, sustains our contention here. See, also, *Standard Oil*

*Co.* v. *Arnstad* 6 N. D. 255; *Blair* v. *Perpetual Ins. Co.,*
10 Mo. 559, 47 Am. Dec. 129.

We have not found where any court has held contrary
to these authorities. It is shown that Bass, the remain-
ing member of the firm, was an independent contractor
—not a sub-contractor of the old firm; that the sale
was made to him direct as an individual; that the other
members were unknown to the appellant; and that the
account. was not charged to the old firm. The promise
to pay was his individual transaction and liability and
not that of B. H. Bass & Company.

In conclusion, we desire to submit further to the court
that the trial court, when it sustained the first demur-
rer, should not have permitted the amendment. There
was nothing left, in our opinion, to be amended. I Ency.
Pl. and Pr., pages 472 and 511, sustain us in this conten-
tion. It is said on page 511 "A court without jurisdic-
tion has not authority to allow an amendment to plead-
ings in the suit."

We submit to the court, first, that the trial court was
without jurisdiction and that the case should have been
dismissed on the sustaining of the first demurrer; and,
second, if the court had jurisdiction, it was manifestly
correct in sustaining the demurrer to the amended dec-
laration.

Argued orally by *John Brunini,* for appellant, and
*H. V. Wall,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This is a suit by the appellant, under chapter 217, Laws
of 1918, on a bond on which the United States Fidelity
& Guaranty Company is surety, for the performance of
a contract entered into by B. H. Bass & Co. with the
highway commissioners of Warren county, for the con-
struction of a public highway.

The original declaration alleges that, after the execution of this contract and bond, B. H. Bass "became the sole owner of the partnership of B. H. Bass & Co.," and purchased certain material from the appellants, and used the same in "carrying out his contract . . . with the highway commissioners of Warren county." The exhibits to the declaration disclose that the partnership of B. H. Bass & Co. was composed of B. H. Bass, S. J. Smith, and J. G. Brister, none of whom were made parties defendant in the original declaration; the surety company being the sole defendant therein.

A demurrer was interposed to this declaration by the surety company, the ground of which is that the declaration is defective in that the persons with whom the contract for the construction of the highway was made were not made parties defendant thereto. A motion to strike this demurrer from the record was overruled, and the demurrer was then sustained. Whereupon the appellant filed an amended declaration, bringing forward therein all the allegations of the original declaration, and adding Bass, Smith, and Brister as parties defendant thereto. A joint demurrer to the amended declaration was then filed by Brister and Smith, and a separate demurrer thereto was filed by the surety company. Bass filed a plea of general issue. Both of these demurrers were sustained, and, the appellant declining to plead further as to Brister, Smith, and the surety·company, the case was dismissed as to them, and continued as to Bass. From this judgment the appellant has brought the case to this court.

The grounds of the appellant's motion to strike the demurrer to the original declaration from the record, and on which it also contends that the court below erred in sustaining the demurrer, is that the nonjoinder of a party in an action upon a contract should not be raised by demurrer, but by notice thereof, filed by the defendant with his plea, citing section 723, Code of 1906 (section 506, Hemingway's Code).

Any error which the court below may have committed in overruling the motion and sustaining the demurrer, is not here presented for decision, for any error therein was waived by the filing of the amended declaration. The nonjoinder here complained of, if such there was, was not jurisdictional, and unless "the ground of demurrer is the want of jurisdiction of the subject-matter or the failure of the complaint to state a cause of action" (31 Cyc. 749), "objection to the sustaining of a demurrer is waived by the party against whom the demurrer is filed, . . . filing an amended or substituted pleading in place of the one held bad on demurrer" (31 Cyc. 744; 6 Enc. Pl. & Pr. 359).

The question presented by the surety company's demurrer to the amended declaration, as stated in the brief of its counsel, is as follows:

"Whether or not there is a material change in the obligation assumed—whether or not a surety who guarantees a firm composed of a number of individuals, can be held liable where there is a change in the firm, where the firm is dissolved without notice to the surety, and where a sole remaining member of the old firm, independently, not in the old firm name, incurs an obligation."

The record does not disclose that the highway commissioners of Warren county released Smith and Brister from their obligation to construct the highway; consequently, we are not confronted with what the rights of the surety company would be had Smith and Brister been so released.

In the language of the Supreme Court of the United States in *Illinois Surety Co.* v. *John Davis Co.,* 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206:

"The purpose of the act was to provide security for the payment of all persons who provide labor or material on public work. This was done by giving a claim under the bond in lieu of the lien upon land and buildings customary where property is owned by private persons. . . . The statute and bonds given under it must

be construed liberally, in order to effectuate the purpose of'' the legislature as declared in the act.

The bond recites that the principals therein "shall pay . . . all persons furnishing said principals with materials and labor in the course of the performance of said work,'' and the obligation imposed by the statute is that "the contractor shall promptly make payments to *all* persons supplying labor or material for the work contemplated by the contract;'' hence, the bond protects persons furnishing labor and material for the performance of the contract, whether furnished directly to the contractor, or to another who performs the work of the contract for him. *U. S. use of Hill* v. *American Surety Co.,* 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; *Mankin* v. *U. S.* 215 U. S. 533, 30 S. Ct. 774, 54 L. Ed. 315. Compare *U. S. F. & G. Co.* v. *Burton Lumber Co.* (Tex. Civ. App.), 221 S. W. 699; *Los Angeles Stone Co.* v. *National Surety Co.,* 178 Cal. 247, 173 P. 79; *Kaufmann* v. *Cooper,* 46 Neb. 644, 65 N. W. 796.

Under the allegations of the declaration, the performance of the contract by Bass was pursuant to his and his copartners' obligation so to do.

We are relieved from deciding whether Smith and Brister are liable to the appellant, for the reason that its counsel have admitted their nonliability, and have requested this court to affirm the court below in so holding.

The judgment of the court below will be affirmed as to Smith and Brister, but will be reversed as to the surety company.

*Affirmed in part, and reversed in part.*

## ON SUGGESTION OF ERROR.

The judgment of the court below was reversed in part on a former day of this term, and counsel for the appellee now suggests that we erred in so doing. They reargue all the questions hereinbefore decided and one other, which is set forth in the suggestion of error as follows:

"The record shows affirmatively that there was no publication as required by section 6, chapter 217, page 268, Laws of 1918. Consequently, neither the trial court nor this court had jurisdiction of the subject-matter, and it was the duty of the court to take notice of this at any time, when its attention was called to it, or of its own motion, the fact being apparent from the face of the record and proceedings."

No reference was made to this question in the briefs of counsel on the former hearing, but it was referred to in the oral argument. We are not here called upon to decide whether or not a ground that might be urged for affirming a judgment appealed from is waived, when the brief of the appellee contains no reference thereto; but that a ground for the reversal of a judgment is waived when the brief of the appellant contains no reference thereto was expressly decided in *N. M. & C. R. R. Co.* v. *State,* 110 Miss. 290, 70 So. 355, and *McClabeb* v. *McCaleb,* 110 Miss. 486, 70 So. 563. It will be sufficient to say here that it is obviously somewhat dangerous to rely on points made in an oral argument that are not referred to in the brief, for they might be overlooked by the court in deciding the case. One of the reasons for the adoption of subsection 2 of rule 7 of this court, 104 Miss. 905, was to avoid just what has occurred here.

The provision of section 6, chapter 217, Laws of 1918, here called to the attention of the court, is as follows:

"In all suits instituted under the provisions of this act, notice of the pendency of such suits shall be made by publication in some newspaper of general circulation published in the county or town where the contract is being performed, if there be such paper; otherwise, in a paper having a general circulation therein, for at least three weeks, the last publication to be at least one week before the trial of said cause."

The record contains no copy of the publication required by this statute, but it does not appear therefrom that such publication was not made, unless, as counsel

for the appellee say, "this court must assume that the record in the case is a complete record, and that it contains a copy of all things done in the trial court." No such assumption can be here made, for the reason that rule No. 2 of this court, 104 Miss. 904, provides that:

"A transcript shall not contain any part of the case except the pleadings, evidence, instructions, bill of exceptions and the order, judgment or decree appealed from, unless the appellant shall, by writing, request others matters specified to be embraced in the transcript; . . . and no fee shall be allowed for anything besides those matters required to be embraced in the transcript."

We must presume that the clerk below complied with this rule; but, had the record been made to affirmatively disclose that no such publication was made, the result here would be the same. The sufficiency of a declaration in a case based on the statute is in no wise dependent upon the publication of this notice, for the publication cannot be made until after the declaration has been filed, is then to be made by the clerk, and, should he fail to do so, the only result would be that no judgment could be rendered for the plaintiff until the publication has been made. The publication is for the purpose of notifying all parties who may have claims against the contractor and his bondsmen similar to that of the plaintiff of the pendency of the suit, so that they may take the necessary steps to protect their interests if they so desire. *United States Fidelity & Guaranty Co.* v. *Mobley,* 143 Miss. 512, 108 So. 501.

<div align="right">

*Overruled.*