[Civ. No. 4433.   Third Appellate District.—March 10, 1932.]

LEO J. ANDERSON, as Administrator, etc., Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

John Ralph Wilson for Appellant.

Abe Darlington, Henry S. Lyon and S. H. Jones for Respondent.

PRESTON, P. J.—The action is one brought by respondent Anderson, as administrator with the will annexed of the estate of John Quincy Wrenn against Maryland Casualty Company and Joseph T. Wrenn to recover on three surety bonds, wherein the said Casualty Company was the surety and Joseph T. Wrenn was principal.

There are three separate undertakings, each given pursuant to the requirements of section 1389 of the Code of Civil Procedure.

The facts are, in the main, undisputed. John Quincy Wrenn died testate. In his will, duly admitted to probate, he nominated Joseph T. Wrenn as executor to act without

bonds and the latter, after regular proceedings had, was duly appointed executor and thereafter qualified as of February 18, 1921.

The said Joseph T. Wrenn was a son of deceased and named in his will as a legatee. After disposing of various sums of money and certain specific estate the entire residue was devised to Joseph T. Wrenn and the widow and two other children, share and share alike. The total value of the estate was approximately $98,000 and the approximate portion thereof to be distributed in specific legacies was less than one-eighth, leaving seven-eighths to be distributed under the residuary.

During the course of probate, it became necessary to sell certain parcels of real estate. Three different sales were ordered, the sales conducted and the property sold in each instance, and likewise in each instance, an order was made confirming the sale and ordering execution of conveyances in conformity thereto.

On March 20, 1928, an order was made authorizing the executor to sell certain real estate and in said order an additional bond was required pursuant to section 1389 of the Code of Civil Procedure. Accordingly, on April 6, 1928, said bond was presented and approved, being the usual form of bond upon sale of real property and in the sum and amount of $5,500 with the said Joseph T. Wrenn as principal and Maryland Casualty Company as surety. Thereafter, under similar sales and orders, two other bonds were given and approved, as follows: May 8, 1928, in the sum of $500; June 14, 1928, in the sum of $12,000.

Each bond was under a separate order and on a different piece of real estate. Each sale was had pursuant to order and the statute governing and thereafter a full report of proceedings was returned with prayer for confirmation. The return showed that the sales under the respective orders were for cash in the following amounts:

```
Under the first bond  .....................$ 5,500
Under the second bond  ...................   500
Under the third bond  ....................  4,450
                                            ------
        Making a total received of........$10,450
```

It seems conceded that while all of the money was accounted for as having been received, yet the same has been

retained by the executor and never delivered to the plaintiff, who has succeeded to the administration.

The unchallenged finding of the court below is that Joseph T. Wrenn, executor, has diverted the money from the estate and wrongfully, unlawfully and fraudulently appropriated the same, and the whole thereof, to his own use.

In the trial court judgment went for plaintiff and defendant Maryland Casualty Company appeals.

Three grounds of appeal are urged. Inasmuch as one ground is based upon another, the net result is that there are but two that require consideration. First, appellant sets forth the admitted fact that Joseph T. Wrenn was an heir and devisee of the decedent and then cites section 1452 of the Code of Civil Procedure, which section was in force and effect at all times embraced within the period of the administration. This section provides as follows:

"The executor or administrator is entitled to the possession of all of the real and personal estate of the decedent, and to receive the rents and profits of the real estate until the estate is settled or until delivered over by the order of the court to the heirs or devisees; and must keep in good tenantable repair all houses, buildings and fixtures thereon which are under his control. After the expiration of the time for the presentation of claims, he is not entitled to recover the possession of any property of the estate from any heir, who has succeeded to the property in his possession or from any devisee, or legatee, to whom the property has been devised or bequeathed, or from the assignee of any such heir, devisee, or legatee, unless he proves that the same is necessary for the payment of debts or legacies, or of expenses of administration already accrued, or for distribution to some other heir, devisee, or legatee entitled thereto. The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action for the possession of the real estate, or for the purpose of quieting title to the same, against any one except the executor or administrator; but this section shall not be so construed as requiring them so to do."

The specific language relied upon is to the effect that after the expiration of the time for presentation of claims, the administrator is not entitled to recover possession of any prop-

erty of the estate from any heir, who has succeeded to the property in his possession, or from the devisee or legatee to whom the property has been devised or bequeathed or from the assignee of any such heir, devisee or legatee, unless the administrator proves that the same is necessary for the payment of debts or legacies or of expenses of administration already accrued or for distribution to some other heir, devisee or legatee entitled thereto.

It is conceded in the instant case the time for presentation of claims has expired.

■ Therefore, argues appellant, there being no showing of such necessity and the appellant being an assignee of the heir and devisee, the action will not lie. There is no merit in this contention.

The defaulting executor at no time claimed or held the funds as heir or as devisee. He had received the money in his capacity of executor and had returned accounts of sale and annual accounts showing the funds to be held by him in the course of administration.

Under our system of probate, since early times, the policy governing has been to favor heirs as administrators, as evidenced by section 1365 of the Code of Civil Procedure, and the language thereof to the end that relatives of a deceased are entitled to administer only when entitled to succeed to his estate or some portion thereof. If in every case or proceeding where an heir was administrator the provisions of section 1452 controlled, the result would be chaotic. It would result, as it would here, in a situation where an administrator could reduce his share to cash by sale of the salable property and then leave the remaining heirs at the mercy of forced sales of less desirable property to the detriment not only of the interest of the other heirs, but likewise to the ruin of the estate. The contention seems too frivolous for serious consideration. However, it happens that appellant's contention does not rest upon a solid factual basis.

In the record before us and specifically a part thereof upon the offer of appellant, we find certain proceedings denominated as proceedings to abate the present suit and to apply the remainder of the estate to the discharge of debts, prorating against the distributive share of the defaulting executor. Issue was joined in these proceedings and after a

hearing, wherein witnesses were sworn and examined and documentary evidence received, the court made its findings as follows:

That there were debts unpaid and that the legacies remained unpaid as did likewise the costs of administration; that there was no money or other personal property in the hands of the administrator with the will annexed; that the property remaining in the hands of the administrator consisted entirely of real estate for which there was no ready market and consisted principally of timber lands; that the value of the real property other than the timber lands is much less than the amount of debts, legacies and expenses of administration remaining unpaid and if sold for full value, would not yield a sum sufficient to pay such obligations and that in order to pay said obligations it would be necessary to sell the timber lands; that the timber lands are of a character such that they cannot be sold at a forced sale of any sum approximating their true value or without great loss or damage to the estate and those interested therein and that there would be danger that such a sale would leave the estate in an insolvent condition.

The order thus made was in reality a judgment in the proceeding and sufficient to determine the facts necessarily before the court. Being again in evidence here, the court below, mindful of its own records, accepted as true these findings and again found substantially the same facts. Therefore, we find a complete answer to appellant's first contention, regardless of which construction we place upon section 1452 of the Code of Civil Procedure.

Next appellant contends that the judgment must be reversed because there is absolutely no evidence in the record to show when Joseph T. Wrenn, executor, appropriated to himself the money which the court below found to be due from him to the estate.

The record does sufficiently show that the executor sold the real estate described in the orders of sale and that he received therefor sums totaling the amount of the judgment and that he has failed to turn it over to the administrator. Obviously, the moneys received from the sale could not have been misappropriated before the sale.

■ Appellant strenuously contends that the condition of the bonds was fulfilled when a proper and legal sale was made and the moneys therefrom received by the executor. The section requiring these bonds in sale of real estate negatives his contention. Section 1389 of the Code of Civil Procedure provides that an additional bond must be required before a sale of real estate is confirmed and further provides that no additional bond is required if the bond already given is equal to twice the value of the personal property, including the annual rents, profits and issues of real estate and twice the amount to be received from the sale.

Section 1396 provides that the court may require a bond on sale of real estate in estates where the will admitted to probate provides that no bond shall be required. Section 1390 provides the condition of the bond and the condition is the same whether the bond be given as the original bond upon qualifying or an additional bond upon sale of real estate. In either case and in both the condition of the bond is that the administrator shall faithfully execute the duties of the trust.

The ordinary procedure in probate is to require a bond from the administrator in an amount equal to twice the value of the personal property, including the income from any real estate owned. It often happens that the estate has but little personal property and a large amount of real estate from which no revenue is produced. In such cases the bond is nominal at the outset. But as money is received from a sale of real estate the portability of the estate increases and the old bond and new bond required under the section in amounts are required to total only a sum equal to twice the value of the personal property, including the money about to be received.

By way of illustration, if an administrator had already given a bond in the sum of $15,000 and the total of personal property and income were less than $2,000 he would not on a sale of $5,000 be required to give another bond, and the amount required as additional bond is exactly what the words import, namely, additional bond and not a separate bond.

The fact that before the sale the executor here was acting without bond does not alter the principle. ■ An additional bond given on a sale of real estate is a general under-

taking and ties to the entire administration of the estate. (*Elizalde* v. *Murphy*, 163 Cal. 681 [126 Pac. 978].)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 9, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1932.