[Civ. No. 19031. Second Dist., Div. Two. Oct. 17, 1952.]

LEWIS & QUEEN (a Partnership), Respondents, v. S. EDMONDSON & SONS (a Partnership) et al., Appellants.

Everett H. Smith and Oliver C. Hardy for Appellants.

Howard B. Crittenden, Jr., for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs on a labor and material bond given by defendants S. Edmondson & Sons as principals, and defendant New York Casualty Company as surety, defendants appeal.

*Facts*: Plaintiffs entered into a contract with defendants Edmondson to do certain excavation work on the Los Angeles municipal airport in performance of a contract which defendants Edmondson had with the city of Los Angeles. Plaintiffs Lewis & Queen had executed a labor and material bond with defendants S. Edmondson & Sons as principal and the casualty company as surety. The bond provided in part as follows:

"The condition of the above obligation is such, that whereas said principal has been awarded and is about to enter into a written contract with the City of Los Angeles for constructing the extension of Runway 'D', Taxiway 'J', and to construct Taxiway 'M', and to perform all appurtenant work in connection therewith at the Los Angeles Airport. . . .

"Now, therefore, if said principal as contractor in said contract, or their subcontractor, fails to pay for any materials, provisions, provender or other supplies or teams used in, upon or for or about the performance of the work contracted to be done, or for any work or labor done thereon of any kind said surety will pay the same in an amount not exceeding the sum set forth above, and also in case suit is brought upon this bond, a reasonable attorney's fee to be fixed by the court . . ."

Plaintiffs performed work upon the airport, of which there was an unpaid balance of $15,886.95. The trial court gave judgment for this balance with interest from its due date, plus costs and $3,500 attorney's fees.

*Questions*: First: *Did the trial court err in admitting oral testimony contrary to the terms of the written contract between the parties, particularly with respect to the terms of payment?*

*No.* ■ An action on a labor and material bond given by a contractor on a public work is a primary and direct obligation on the bond and enforcible without regard to the original prime contract and without reference to any contract between the contractor and the materialmen. (*Pneucrete Corp.* v. *United States Fid. & G. Co.*, 7 Cal.App.2d 733, 736 [1] [46 P.2d 1000]. *Cf. Los Angeles Stone Co.* v. *National Surety Co.*, 178 Cal. 247, 250 [173 P. 79].)

Therefore since it is conceded that plaintiffs furnished the material and performed the labor and services for which they are seeking compensation, any error of the trial court in admitting parol evidence relative to the contract between the prime contractor and plaintiff was immaterial and would not affect the result of the present litigation.

■ Second: *Was there a material alteration in the principal contract which exonerated the surety?*

*No.* The record is devoid of any evidence that plaintiff or the prime contractor did any work not required by the original contract, its plans and specifications, or authorized by proper change orders in accordance with the terms in the original contract.

■ Third: *Were plaintiffs entitled to recover attorney's fees in this action which they instituted to recover the compensation due them?*

*Yes.* The bond provided in part as follows:

". . . if said principal as contractor . . . fails to pay for any materials, provisions . . . or for any work or labor done thereon of any kind said surety will pay the same in an amount not exceeding the sum set forth above ($49,943.75), and also in case suit is brought on this bond, a reasonable attorney's fee to be fixed by the court."

In addition Government Code, section 4207, referring to an action on a labor and material bond against the surety reads in part as follows: "Upon the trial of the action, the court shall award to the prevailing party a reasonable attorney's fee, to be taxed as costs, and to be included in the judgment therein rendered."

■ It is likewise settled that the trial court has power to determine what are reasonable attorney's fees without any testimony on the subject and without making any specific finding. (*Rosslow* v. *Janssen,* 136 Cal.App. 467, 470 [1] [29 P.2d 287]; *Los Angeles* v. *Los Angeles-Inyo Farms Co.,* 134 Cal.App. 268, 274 [4] [25 P.2d 224].)

In the present case the judge had before him the entire record of the proceedings which had taken place and there was no abuse of discretion in fixing the attorney's fee in the sum of $3,500.

■ Fourth: *Was it error for the trial court to award plaintiffs' attorney's fees in the judgment in the absence of either a motion to have such fees taxed as costs, or a claim therefor in the cost bill which they filed?*

*No.* Where, as in the present case, a statute provides "that a reasonable attorney's fee, to be taxed as costs" shall, under certain specified conditions, be awarded to plaintiffs, such language does not expressly or impliedly require that a cost bill be filed pursuant to the provisions of section 1033 of the Code of Civil Procedure, but if the attorney's fees are fixed by the court and included in the judgment, such procedure is adequate. This is a proper method of allowing plaintiffs' attorney's fees. (*Sunset Lumber Co.* v. *Smith,* 95 Cal.App. 307, 319 [19] [272 P. 1068].) In the present case the foregoing procedure was properly followed by the trial court.

█ *Fifth: Does this court have the power under the facts in this case to award plaintiffs an additional attorney's fee for services rendered in connection with this appeal?*

*No.* The bond upon which suit was instituted provided in part that in case suit be brought on the bond, "*a* reasonable attorney's fee" shall be fixed by the court. "*A* reasonable attorney's fee" was fixed by the trial court. Therefore the obligation in the bond has been complied with and since it did not contain any obligation to pay another or additional attorney's fee on appeal, this court under the provisions of the bond is without power to award plaintiffs any additional compensation on account of attorney's fees.

The Government Code, section 4207, provides in part: "Upon the trial of the action, the court shall award to the prevailing party a reasonable attorney's fee. . . ." In construing a similarly worded provision in section 2 of the Public Works Act (2 Deering's Gen. Laws, Act 6423), reading: "Upon the trial of any such action, the court shall award to the prevailing party a reasonable attorney's fee, to be taxed as costs, and to be included in the judgment therein rendered," the District Court of Appeal in *Burr* v. *Pacific Indemnity Co.,* 56 Cal.App.2d 352, 362 [9] [133 P.2d 24] (hearing denied by the Supreme Court), held that an appellate court was without authority to award an attorney's fee on appeal, and that the language of the statute limited the fixing of an attorney's fee to the services rendered in the trial court.

Mr. Justice Dooling, speaking for the court, said: "An attorney's fee was included in the judgment. Plaintiff asks for an additional attorney's fee on appeal. The language of the section, 'upon the trial,' clearly limits the attorney's fee to the trial, and we find no warrant therein for the allowance of a further fee on appeal. No California case in point has been cited or found by us but the Supreme Court of Okla-

homa in *National Credit Co.* v. *Franklin*, 177 Okla. 417 [60 P.2d 744] reached a similar conclusion on a statute apparently not so clearly limiting the fee to the trial of the action as ours."

The foregoing rule is here applicable. This court is without power to grant plaintiffs' request for an award of additional attorney's fee for services upon appeal.

*West Coast Lumber Co.* v. *Newkirk* (1889), 80 Cal. 275 [22 P. 231], and *Smith* v. *Solomon* (1890), 84 Cal. 537 [24 P. 286], relied on by plaintiffs as authorities for the proposition that an appellate court may make an award of additional attorney's fees for services rendered on appeal, are not now authority for the reason that such decisions awarded additional attorney's fees on appeal in mechanic's lien actions, predicated upon a statute, section 1195 of the Code of Civil Procedure, which statute so far as the awarding of attorney's fees were concerned, the Supreme Court subsequently held to be unconstitutional. The effect of the two prior decisions so far as the point here under discussion was involved was nullified. (See *Builders' Supply Depot* v. *O'Connor* (1907), 150 Cal. 265, 268 et seq. [88 P. 982, 119 Am.St.Rep. 193, 17 L.R.A.N.S. 909] ; *Union Lumber Co.* v. *Simon* (1907), 150 Cal. 751, 753 [89 P. 1077, 1081] ; *Merced Lumber Co.* v. *Bruschi* (1907), 152 Cal. 372, 375 [92 P. 844].)

■ Sixth : *Did the trial court err in receiving parol evidence regarding alleged ambiguities in the written agreement between plaintiffs and defendants?*

*No.* The evidence was received without objection. It is settled that where evidence is received without objection, any right to complain that such evidence was not admissible is waived and may not be urged as error on appeal. (*Ries* v. *Reinard*, 47 Cal.App.2d 116, 121 [8] [117 P.2d 386]. See cases cited in 5 West's Cal.Dig. (1951), Appeal and Error, § 204[1], p. 259, 3 Cal.Jur.2d (1952) Appeal and Error, § 156, p. 634.)

■ Seventh : *Did the trial court abuse its discretion in denying defendants the privilege of filing an amendment to their answer and a counterclaim on the day the case was called for trial?*

*No.* On the morning the case was called for trial, defendants moved to file a counterclaim, asking for affirmative relief against plaintiffs in the sum of $5,384.66, upon an alleged claim on an open book account for work, labor, services and

rental alleged to have been rendered and delivered by defendants to plaintiffs.

There was a motion filed and served by mail for leave to file this counterclaim on August 3, 1951. Plaintiffs' counsel left his offices in San Francisco on the week end August 4th and utilized August 6th and 7th preparing for trial on the 8th. His first knowledge of the notice was on the 8th when the motion was made.

A motion must be noticed at least 10 days before the hearing where the attorney served has his office outside the county in which the court is held. (Code Civ. Proc. § 1005.) In the instant case the foregoing rule was not complied with. [9] In addition a party should not be permitted an amendment that raises a new cause of action or a new defense. (*Le Cyr* v. *Dow*, 30 Cal.App.2d 457, 462 [2] [86 P.2d 900].)

 It is likewise settled that the granting or denial of an amendment to a pleading at the time of trial rests in the sound discretion of the trial judge, which discretion will not be interfered with on appeal in the absence of a showing of its abuse. (*Willson* v. *Turner Resilient Floors*, 89 Cal.App.2d 589, 601 [6] [201 P.2d 406].) In the instant case defendants at the time of trial endeavored to inject new issues into the cause. Therefore there is no showing of an abuse of discretion by the trial court and its ruling is binding on this court.

Affirmed.

Moore, P. J., concurred.

Mr. Justice Fox, deeming himself disqualified, does not participate in the foregoing opinion.

Appellants' petition for a hearing by the Supreme Court was denied December 16, 1952. Edmonds, J., Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.