[Civ. No. 16573.   First Dist., Div. Two.   Mar 19, 1956.]

ISABELLE C. ROGERS, as Special Administratrix, etc., Appellant, v. KENNETH F. COURTNEY, Respondent.

Robertson & Hammer, Charles W. Robertson and Edward A. Hammer for Appellant.

Robert A. Kaiser for Respondent.

KAUFMAN, J.—Plaintiff appeals from a judgment in a quiet title suit rendered in favor of defendant, decreeing that appellant Isabelle C. Rogers has no right, title or interest in

the real property in question either individually, or as special administratrix of the estate of Michael C. Courtney, deceased, or otherwise.

Appellant and respondent were the daughter and son of Michael C. Courtney, deceased. The only remaining heir was another daughter. Michael C. Courtney died on July 9, 1952. Appellant was appointed special administratrix on July 25, 1952, and general administratrix on August 4, 1952. Letters of administration were issued on August 4, 1952, and first publication to creditors was made on the following day. At the time of trial, which began on May 24, 1954, the time to file claims had expired more than 15 months previously with no claims against the estate having been filed.

In her complaint to quiet title filed on July 25, 1952, appellant alleged on information and belief that a certain parcel of real property was the property of Michael C. Courtney at the time of his death, that defendant claimed to have some right or interest in it adverse to the ownership of the estate and that such claim was without foundation. The answer was a general denial of appellant's claim.

On October 16, 1952, appellant's attorney had filed a memorandum of motion to set the cause for trial and a demand for a jury. On February 3, 1954, a stipulation was filed by the attorney for the parties in regard to advancing the date for trial, waiving notice of the date of trial, and forfeiting jury fees in the event a jury trial was not had.

On April 2, 1954, notice of motion to strike the cause from the jury calendar was made by respondent. Appellant filed notice of motion for leave to amend her complaint on April 6, 1954. Both motions were heard on April 6, 1954. Appellant's motion for leave to amend the complaint was denied, and respondent's motion to strike the cause from the jury calendar was granted.

The amendment which appellant sought to make to the complaint was the additional allegation that "plaintiff is out of possession and defendant is in possession, of said premises." The supporting affidavit of appellant's attorney stated that respondent had been in possession of said premises since the death of decedent.

On April 9, 1954, appellant petitioned this court for a writ of prohibition to stop the trial before the court without a jury. The petition was denied on April 19, 1954.

The cause was then assigned to Department 12 of the

superior court for trial without a jury. Appellant again moved for and demanded jury trial which motion was denied.

Appellant herein bases her appeal on the ground that prejudicial error was committed by the trial court in denying her a jury trial, and that the court abused its discretion in denying her leave to amend her complaint.

Undoubtedly, if the amendment had been added to the complaint, appellant would have been entitled to a jury trial, for where there is an allegation seeking recovery of possession of land, the right to a jury trial is not defeated because the action is brought in an equitable form. (*Thomson* v. *Thomson*, 7 Cal.2d 671, 678 [62 P.2d 358, 117 A.L.R. 1]; *Angus* v. *Craven*, 132 Cal. 691, 696 [64 P. 1091].)

The above question, however, cannot be reached if the trial court did not abuse its discretion in denying leave to amend, for under the original complaint, appellant clearly was not entitled to a jury trial. The affidavit in support of the motion for leave to amend shows that appellant knew from the time she filed the original complaint that respondent was in possession of the premises, and no excuse is offered to show why she waited till the eve of trial and until after respondent had moved to have the case stricken from the jury calendar, to ask for the amendment. It has been held in cases where a similar fact situation existed, that the court did not abuse its discretion in denying leave to amend.

In *Peterson* v. *Peterson*, 74 Cal.App.2d 312, 323 [168 P.2d 474], it was said that "The granting or denying of such a motion to amend is largely a matter of judicial discretion, and the ruling will not be disturbed on appeal in the absence of a clear abuse of such discretion. No such abuse is here shown or suggested. No explanation is offered as to the plaintiff's tardiness in making the request to further amend and no showing is made of how such an amendment would be in furtherance of justice." (And see *Moss Estate Co.* v. *Adler*, 41 Cal.2d 581, 586 [261 P.2d 732]; *Lewis & Queen* v. *S. Edmondson & Sons*, 113 Cal.App.2d 705, 711 [248 P.2d 973]; *Associated Tel. Co.* v. *Greenman*, 111 Cal.App.2d 193, 196 [244 P.2d 15].)

It is further to be noted in this case that there is no allegation in the original complaint to the effect that the recovery is necessary for the payment of debts of the estate. Section 581, Probate Code, provides that after the time to file or present claims has expired, the administrator "is not entitled to recover the possession of any property of the estate

from any heir who has succeeded to the property in his possession . . . unless he proves that the same is necessary for the payment of debts or legacies, or of expenses of administration already accrued, or for distribution to some other heir, devisee or legatee entitled thereto.'' No claims had been filed in this estate, and 15 months had passed since the time to file claims had expired. Without the allegation required by section 581 and proof thereof, appellant could not possibly have made a recovery of the property. (See *Pailhe* v. *Pailhe,* 113 Cal.App.2d 53 [247 P.2d 838].) Furthermore, the original complaint did not contain an allegation alleging that the administratrix was seeking recovery of the rents, profits, and issues of the property of decedent, as she would be entitled to do under section 581, *supra,* until the time of settlement of the estate.

The arguments now raised by appellant appear to be the same as those presented to this court at the time the writ of prohibition was denied. She states that the trial court tried the case on the theory and facts alleged in the proposed amended complaint, but since she has made no attack upon the findings and has furnished no record of the trial this court is not required to consider this contention. (3 Cal.Jur.2d, 759, § 248.) There is clearly no merit in the appeal.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied April 18, 1956, and appellant's petition for a hearing by the Supreme Court was denied May 15, 1956.