[Civ. No. 33718.   Second Dist., Div. Two.   July 1, 1969.]

Estate of VIRGIL CURRY, Deceased. AUDREY BELLE CURRY, Petitioner and Appellant, v. DANIEL A. KIRSCH, Objector and Respondent.

Anderson, McPharlin & Conners, Peter R. Regal and Wellington Y. Kwan for Petitioner and Appellant.

Kirsch & Arak, Sanford Arak and Jay S. Bulmash for Objector and Respondent.

FLEMING, J.—Audrey Belle Curry, deposed administratrix of the estate of her deceased husband, Virgil Curry, appeals an order of the probate court surcharging her with

$119,954 for the disappearance of assets of the estate during her administration.

The estate's primary asset was a furniture business. A court order authorized appellant to operate the business until May 1965, but she continued to operate the business until it became insolvent in December 1966. In June 1967 she was removed as administratrix and ordered to file an accounting. Her accounting was objected to by the successor administrator, and on a trial of the issues she was surcharged for assets which disappeared during her administration.

Appellant contends the amount of the surcharge was erroneous, because she was the beneficiary of her husband's estate and recoveries from beneficiaries are limited to amounts needed to pay the debts or legacies of the estate. Probate Code section 581 declares that the administrator of a decedent's estate may recover ". . . property of the estate from any heir who has succeeded to the property in his possession, or from any devisee or legatee to whom the property has been devised or bequeathed . . . [only if] he proves that the same is necessary for the payment of debts or legacies . . ." On the basis of this section and her status as beneficiary appellant argues she can only be required to account for sufficient money to pay the debts of the estate. We disagree.

"The fact that a representative is an heir or a beneficiary under the will does not give him the right to deal with the property of the estate other than as representative until it has been distributed to him. In such a case, his possession up to the time of distribution is in his representative capacity." (20 Cal.Jur.2d 413; *Estate of McSweeney,* 123 Cal.App.2d 787, 792 [268 P.2d 107]; *Estate of Conkey,* 35 Cal.App.2d 581, 585 [96 P.2d 383].) In *Estate of McSweeney, supra,* the executors contended they were not required to pay interest on money they had improperly spent because their personal claims against the estate exceeded the amounts spent. In rejecting their argument the court said, "When an executor is also a devisee the law necessarily recognizes as distinct his individual and official capacities. So far as sums due him as devisee are concerned, he is in no better position than any other devisee. He is not entitled to use such sums until they are distributed to him in the manner provided by law. Of course, he cannot use funds of the estate available to him in his official capacity for his individual needs. If he does . . . he is liable for the moneys thus used . . ." (P. 792.)

504

The obvious conclusion from these authorities is that section 581 is only relevant to a suit against the beneficiary of an estate. That was the situation in *Rogers* v. *Courtney,* 139 Cal.App.2d 884 [294 P.2d 755], a suit by an administrator to recover real property in the possession of an heir. However, when suit is brought against the representative of an estate the limitation of section 581 does not apply, even though the representative may coincidentally be a beneficiary. In *Anderson* v. *Maryland Cas. Co.,* 121 Cal.App. 487, 491-492 [9 P.2d 343], the court rejected a contention similar to that at bench. "The defaulting executor at no time claimed or held the funds as heir or as devisee . . . If in every case or proceeding where an heir was administrator the provisions of [what is now section 581] controlled, the result would be chaotic. It would result, as it would here, in a situation where an administrator could reduce his share to cash by sale of the saleable property and then leave the remaining heirs at the mercy of forced sales of less desirable property to the detriment not only of the other heirs, but likewise to the ruin of the estate. The contention seems too frivolous for serious consideration." (P. 491.)

Since appellant held her late husband's business and assets in her capacity as administratrix of his estate, she was obligated under her basic duty as administratrix to account to the court for the assets of the estate. (Prob. Code, §§ 920, 921, 923.) Although there is dictum in *Estate of King,* 121 Cal. App.2d 765, 771 [264 P.2d 586], which lends some color to appellant's argument, the holding in that case is consistent with that at bench, for there the trial court approved the executor's account on its merits, finding that the executor had never come into possession of any property of the estate and therefore owed nothing, and the approval of his account was affirmed on appeal. Thus, the executor, in fact, fully accounted. We know of no case which supports appellant's claim that an administrator is relieved of his duty to account on demand merely because he is also a beneficiary. (Prob. Code, § 921.)

The order is affirmed.

Roth, P. J., and Wright, J., concurred.

A petition for a rehearing was denied July 25, 1969, and appellant's petition for a hearing by the Supreme Court was denied August 27, 1969.