[Civ. No. 632.   Second Appellate District.—September 3, 1909.]

## J. A. CLAIRMONTE, Respondent, v. NAPIER MOTOR COMPANY OF AMERICA, a Corporation, Appellant.

COMMISSION ON SALE OF MOTOR CAR—BANKRUPTCY OF DEFENDANT— PROOF OF CLAIM—COMPOSITION AGREEMENT APPROVED BY COURT— PLAINTIFF CONCLUDED BY ACCEPTANCE.—Where it appears that af- ter the plaintiff had earned a commission of twenty per cent on the sale of a motor car for the defendant, defendant was adjudged a bankrupt, and plaintiff proved his claim in the bankruptcy pro- ceedings, and subsequently, without the knowledge of the plaintiff, a composition agreement was reached by the creditors, and ap- proved by the court, and the plaintiff, after obtaining knowledge thereof, though not an original party thereto, accepted his *pro rata* in satisfaction of his proved claim, he is concluded thereby, and cannot thereafter recover the residue of the original commission against the defendant, in the absence of any indication of fraud in the bankruptcy proceedings.

ID.—TIME OF FALLING DUE OF COMMISSION.—The commission on sales under the contract for machines sold within the plaintiff's territory became due and payable when the sale was effected, upon which the commission therefor, being for the payment of money only, could be exactly ascertained, within section 1657 of the Civil Code.

ID.—PRESUMPTION AS TO LAW OF STATE OF CONTRACT, WHERE DEBT WAS PROVED.—When nothing appears to the contrary, it must be pre- sumed that the law of the state of Massachusetts, where the con- tract was made, and the debt proved in bankruptcy proceedings against the contractor, is the same as the law of this state as to the time of payment of the commission, and that it was a provable debt at the date of the adjudication in bankruptcy.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Williams, Goudge & Chandler, for Appellant.

Ward Chapman, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment entered against it and in plaintiff's favor.

The action was ·submitted upon an agreed statement of facts, which may be summarized as follows: The defendant manufacturer had appointed plaintiff its exclusive agent for the sale of motor cars in the district of Los Angeles upon an agreed compensation of twenty per cent discount. Preceding September, 1906, the business had been conducted in the manner following: When plaintiff ordered a car he purchased the same of defendant in his own name and the car was shipped to him personally; the bill of lading was accompanied by a draft drawn by defendant upon plaintiff for the list price of the car less twenty per cent. In September, 1906, a lady who had been solicited by plaintiff to buy a car, ·was given a letter of introduction by plaintiff to defendant and this customer purchased a car directly from defendant, paying defendant a third in cash and agreeing to pay the balance upon delivery of car at Los Angeles. Defendant accordingly shipped the car to the purchaser and through a Boston bank drew for the unpaid balance. The bank purchased the draft in good faith and credited defendant with the face thereof and honored defendant's checks until the amount was exhausted. The bank forwarded the draft so purchased to its correspondent in Los Angeles. The purchaser paid to the correspondent the amount of the draft; whereupon plaintiff, who had before that time commenced an action against defendant to recover twenty per cent commission upon the sale of the machine, attached the money in the hands of the correspondent and the Boston bank gave an undertaking for the release of such attachment. Intermediate the sale of the draft and its payment the defendant, upon involuntary proceedings, was adjudged a bankrupt by the district court of the United States for the district of Massachusetts. While this adjudication was had before the commencement of plaintiff's action, he had no actual knowledge thereof. After the adjudication in bankruptcy a composition was effected, signed by a majority of the creditors, to which plaintiff was not a party, under the terms of which thirty-three and one-third per cent of all claims were by the creditors agreed to be received in satisfaction of their demands. This composition was confirmed by the court and the per cent due plaintiff was deposited in the registry of the court, of which fact plaintiff received notice. Afterward, in June, 1908, plaintiff made

due proof of his claim in the bankruptcy proceeding and there was paid to him the *pro rata* share so on deposit, it being stipulated in the record that plaintiff, during the pendency of these proceedings, "collected from the funds duly deposited in the United States district court for Massachusetts out of which the dividend in composition was paid, which settled all claims against the Napier Motor Company of America, his dividend upon his claim which had been theretofore proved, to wit, one-third, which was the same dividend which all other creditors received, and that the said Clairmonte now holds the said sum." With these facts before the trial court, judgment was rendered in plaintiff's favor for the full amount of twenty per cent of the purchase price of the car.

There is nothing in the record indicating fraud, or any reason why the discharge in bankruptcy should not operate as a release from plaintiff's claim as a provable debt. Assuming that under its terms the appointment of plaintiff as agent entitled him to a commission of twenty per cent upon all machines sold within his territory, nevertheless the defendant possessed the right to make sales conditioned only upon the payment of such commission; in other words, if under the contract a commission was due, it became due and payable when the sale was effected. The agreement for commission being for the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained. (Civ. Code, sec. 1657.) Nothing to the contrary appearing, it will be presumed that the law of Massachusetts, where the contract was made, is the same as that declared in the section of the code referred to. The amount of this claim, then, was a provable debt at the date of the adjudication in bankruptcy. While plaintiff was not a party to the composition, nevertheless, with full knowledge of such composition, he submitted himself to the jurisdiction of the bankruptcy court when he proved and presented his claim against the estate, and most certainly should he be bound by the composition when he accepts its terms and receives his per cent under the terms of the stipulation referred to.

We are of opinion that the statement of facts discloses that defendant had and possessed no interest whatever in the draft or its proceeds, and that plaintiff, by becoming a party

to the bankruptcy proceedings, is concluded by the composition and his receipt of the amount thereof under an agreement that the same settled all claims against the company.

The judgment is reversed and cause remanded, with instructions to the trial court to render judgment in favor of defendant and against plaintiff for costs.

Shaw, J., and Taggart, J., concurred.