[Civ. No. 6386. First Appellate District, Division One.—December 6, 1928.]

SUNSET LUMBER COMPANY (a Corporation), Respondent, v. E. POTTER SMITH et al., Defendants; JAMES K. NELSON, Appellant.

Cooley & Gallagher for Appellant.

Louis Oneal and Maurice J. Rankin for Respondent.

CAMPBELL, J., *pro tem.*—This is an action to recover for materials furnished in the erection and construction of the "Soquel Union Grammar School" in the town of Soquel, Santa Cruz County. The action is brought against E. Potter Smith, the contractor to whom the Board of Trustees of the Soquel Union School District let the general contract for the construction of the school building and against James K. Nelson and J. J. Stevenson, the sureties on the contractor's bond, the members of the school board and the school district itself. The action is primarily one against the contractor to recover for the materials furnished and used in the construction of the school building. The contractor defaulted and the other defendants answered. Defendant James K. Nelson, one of the sureties on the contractor's bond, is the only defendant who has appealed.

Appellant presents the following points as grounds for a reversal of the judgment: "(1) The demurrer of this defendant should have been sustained because of misjoinder of causes of action and misjoinder of parties defendant; (2) Plaintiff's action is barred by the provisions of the various lien law statutes of the state of California; (3) The defendant James K. Nelson is not liable by reason of the variance from the provisions of the bond; (4) The defendant James K. Nelson is not liable by reason of the settlement by the principal without the consent of the surety; (5) Plaintiff has failed to comply with the provisions of the Public Works Act; (6) The evidence is insufficient to justify the decision of the trial court; (7) The complaint of plaintiff does not state a cause of action against this defendant; (8) The court erred in striking out the equitable defense of estoppel; (9) The court erred in including in its findings an award of $750.00 counsel fees."

As to appellant's first contention it may be said that this action was primarily against the contractor and his bondsmen. The contractor and bondsmen were all parties to the bond in question. The contractor Smith signed it as principal and appellant Nelson and defendant Stevenson signed as sureties. Such joinder of principal and sureties in an action is authorized (Code Civ. Proc., sec. 383; *Rice Sureties Co.* v. *Daggs,* 63 Cal. App. 273, 277 [218 Pac. 484]; *Rodabaugh* v. *Kauffman,* 53 Cal. App. 676, 682 [200 Pac. 747]). In regard to the joinder of the school district and trustees it may be said that while it was not necessary to join them, we fail to see how appellant has been prejudiced or injured thereby. Plaintiff's cause of action arose out of his contract with the contractor Smith, appellant's principal, and while the liability of the trustees or the school district, if any, might differ, nevertheless it is based upon plaintiff's contract with Smith, the contractor, and in order to prevail against any of these defendants, plaintiff would be compelled to prove the performance of his contract with Smith to furnish materials for the construction of this school building. It is well settled that an error overruling a demurrer for misjoinder of parties defendant after a trial on the merits is not ground for the reversal of the judgment unless the party demurring has been misled to his prejudice or the error otherwise appears to have been injurious (2 Cal. Jur. 1012; *Asevedo* v. *Orr,* 100 Cal. 200 [34 Pac. 777]; *Hirschfield* v. *Weill,* 121 Cal. 14 [53 Pac. 402]). Were we to concede "that the special demurrer for misjoinder might have been properly sustained by the trial court, the concession is of no avail here. This for the reason that under section 4½ of article VI of the constitution it would not be said that the overruling of the demurrer was such an error as had produced a miscarriage of justice." (*Trask* v. *Garza,* 51 Cal. App. 743 [197 Pac. 807].)

Appellant contends that because plaintiff's procedure is a compliance with section 1184 of the Code of Civil Procedure, he cannot enforce the liability of bondsmen given pursuant to the Public Works Act of 1919. A reading of the Public Works Act demonstrates that such act is a remedy in addition to and cumulative with the remedy given by section 1184 of the Code of Civil Procedure and

that the two remedies are intended to be co-operative in effect. There is nothing in the Public Works Act which expressly or impliedly says that a materialman must elect between these two remedies or that if he seeks one, he waives the other. On the contrary the act of 1919 expressly makes the right to recover on the bond an additional and cumulative remedy, for in section 1 thereof it is provided that unless the bond is filed, no claim shall be allowed in favor of the contractor. This, obviously, is a penalty placed on the contractor for failure to file the bond, but the act provides that, nevertheless, materialman shall be entitled to be paid in accordance with section 1184 of the Code of Civil Procedure. Hence it is apparent that the act of 1919 is not an exclusive remedy, but is a cumulative one, and one created in view of the rights given under section 1184. ■ The only condition which must be performed by the materialman to establish his right against the surety under the act of 1919 is that "he shall file with the body by whom the contract was awarded a verified statement of his claim, together with a statement that the same has not been paid." Here plaintiff has filed such verified statement, as shown by the pleadings and the claim admitted in evidence. The fact that this statement is denominated "A Notice to Withhold," or that it is also sufficient to comply with section 1184 of the Code of Civil Procedure, does not make it any the less sufficient as a compliance with the Public Works Act. It is a verified statement containing an itemized list of the materials furnished, together with a statement that the same has not been paid. ■ Appellant apparently urges that until there is a *pro rata* payment under section 1184 of the Code of Civil Procedure, no cause of action exists against the bondsmen. The act of 1919 does not require that plaintiff first proceed under section 1184 et seq. The period within which suit may be commenced on the bond as provided in the act of 1919 shows that there need be no steps taken under section 1184 or any waiting for a *pro rata* payment. The act of 1919 requiring that action on the bond be commenced within ninety days following the period within which claims of lien must be filed for record, it is obvious that if a materialman was first required to bring an action under section 1184a, a period of time would not only possibly but probably expire

in excess of ninety days from the time when claims of lien must be filed for record, and, hence, the bondsmen would by insisting upon the plaintiff first exhausting his rights pursuant to section 1184 et seq. avoid liability for any portion of a materialman's claim. Such construction would defeat the purpose of the act.

If plaintiff has succeeded in reducing his claim against the bondsmen by complying with the provisions of section 1184 et seq., the bondsmen are relieved to that extent and cannot consistently complain.

As to appellant's contention that the action is barred, it may be said the Public Works Act provides that the statement of the materialman's claim shall be filed with the body by whom the contract was awarded prior to the expiration of the period within which claims of lien must be recorded, as prescribed by section 1187 of the Code of Civil Procedure, and that suit must be commenced against the contractor's bondsmen within ninety days after the expiration of that period. In this case the contractor abandoned the work on November 22, 1922, and the building was not completed until January, 1923, when notice of completion was filed. If the abandonment by the contractor should be deemed to constitute a cessation of labor under section 1187, such cessation did not constitute completion until it had continued for thirty days, making the time of completion December 22, 1922; there being no notice of completion filed within ten days thereafter, the time within which to file claims of lien did not expire until March 22, 1923, ninety days after December 22, 1922. If, however, January 24, 1923, when the notice of completion was filed be deemed the date of completion, the period within which claims of lien must be filed would be thirty days thereafter or to and including February 22, 1923, and plaintiff would have ninety days thereafter or until May 23, 1923, within which to commence its action. In either event the action was commenced within the required time, as the complaint was filed on May 18, 1923. This being an action against appellant on his bond given pursuant to the Public Works Act and not for foreclosure of a lien, appellant's argument invoking the period prescribed by section 1190 of the Code of Civil Procedure and the authorities he cites have no application.

■ Appellant's statement in his brief that the bond was executed and filed after the date of the commencement of the work is not borne out by the record. Aside from the fact that the presumption is that the board of trustees performed every duty imposed on it and that therefore it exacted a bond from the contractor (*Stone* v. *Shackelford*, 64 Cal. App. 750 [222 Pac. 846]), the witness J. J. Young, clerk of the board of trustees, testified that before the work was started this bond was filed with the trustees.

■ It is claimed that the bond was given for the construction of a building, while the complaint refers to the improvements as buildings. The complaint alleges the contract to be one between E. Potter Smith and Soquel Union School District, entered into on May 17, 1922, for the sum of $44,735. The bond refers to the contract as the contract between the same parties for the same amount made on the same date, and for the same character of work and improvements. The bond is set out as an exhibit in the complaint and made a part thereof. There is no evidence or claim that any other contract was entered into between this contractor and the board of trustees. The court was entitled to and reasonably should have concluded that it was the contract alleged that was referred to in the bond and the contract to secure which the bond was given.

■ Appellant contends that he is not liable by reason of a settlement by the principal without his consent as surety; that section 2819 of the Civil Code alone is sufficient authority. This section provides: "A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended." The situation here presented is not a settlement or compromise by plaintiff with the school board. The full amount of plaintiff's claim being $10,213.39 and the school board having $5,017 on hand to pay toward plaintiff's claim, it consented that judgment be entered against it for this amount. If plaintiff was satisfied to take judgment against the defendant bondsmen for $5,196.39, allowing the bondsmen credit for the amount for which the school board confessed judgment, appellant

has not been injured. Plaintiff was under no obligation to prove that there was a larger amount in the hands of the trustees than they admitted, and appellant was at liberty to make such proof by examination of the trustees or such other persons as were informed upon the subject. The authorities cited by appellant that a creditor cannot without the consent of the guarantor alter the original obligation with the principal have no application to the present case. The school board was not a principal on appellant's bond nor a party thereto other than a creditor. Smith was the principal on appellant's bond, and plaintiff did not alter the obligation of Smith nor have the rights or remedies of the plaintiff against the principal been suspended nor the sureties' rights injured or impaired.

There is no merit in appellant's contention that plaintiff's claim was not properly verified. The verification shows that E. H. Galpin, who verified the claim, is the manager of the plaintiff corporation and that he verified the claim on behalf of the corporation. The act of 1919 merely requires that the statement be verified without designating who shall make the verification. It is similar to the verification to claims of lien required by section 1187 of the Code of Civil Procedure, under which it is held the verification may be made by any person who knows the facts (*Parks & Lacey Co.* v. *Inter-Nos Oil Co.,* 147 Cal. 494 [82 Pac. 51]).

It is appellant's claim that there is no proof as to the exact amount in the hands of the school board remaining unpaid to the contractor and therefore there may be sufficient funds to meet plaintiff's demand. The act does not require that plaintiff exhaust his remedy before proceeding against the bondsmen. And, as has been said, appellant had ample opportunity to show that the board had funds to apply on this claim in excess of the amount for which it confessed judgment.

There is no merit in appellant's contention that the complaint does not state a cause of action against him. The complaint alleges in legal effect the agreement entered into between the contractor and plaintiff under which plaintiff agreed to furnish certain building materials set forth and described in the ''Notice to Withhold'' annexed to the complaint and made a part thereof, ''said building mate-

rials to be used in the construction of said buildings and improvements. . . . That all of said materials were furnished to be used and were actually used in the erection and construction of said buildings and improvements," while the bond recites that the agreement was entered into for the "erection of a Union Grammar School Building." The "Notice to Withhold" attached to the complaint, which is duly verified, contains an itemized statement of the materials supplied, together with a statement that the "materials were to be and were actually used in the construction and erection of that certain structure, now being erected on the land and premises occupied by the Soquel Union Grammar School situate at Soquel, Santa Cruz County, California."

It is true, as urged by appellant, that "whatever is an essential element of a cause of action must be presented by a distinct averment and cannot be left to an inference to be drawn from the construction of a document attached to the complaint" (*Ponter* v. *National Surety Co.*, 36 Cal. App. 46 [171 Pac. 803, 804]), and that "recitals in a contract incorporated in a complaint will not supply the want of essential averments in the pleading" (*Hoyt* v. *Bentel*, 164 Cal. 686 [130 Pac. 434]). While a demurrer for uncertainty here might have been sustained, no such ground appears in the demurrer filed by defendant. ▮ A general demurrer does not lie, if the plaintiff is entitled to any relief under the allegations of the complaint (*Knowles* v. *Baldwin*, 125 Cal. 224 [57 Pac. 988]; *San Francisco Paving Co.* v. *Fairfield*, 134 Cal. 220 [66 Pac. 255]).

▮ As to the contention that there is no allegation as to when the contractor should pay for the materials furnished, it may be said that in the absence of an express allegation such time is fixed by law as being the time of delivery of the materials (Civ. Code, sec. 1657; *Clairmonte* v. *Napier Motor Co.*, 11 Cal. App. 265 [104 Pac. 712]).

▮ As to appellant's objection that "there is no allegation that the Soquel School District was or is a political subdivision or agency of the State of California," it may be said "the school district is a necessary political subdivision of the county under the direction and supervision of the local authorities for the promotion of the general educational purposes of the state, the system being a matter

of general concern and not a municipal affair'' (*People* v. *Rinner*, 52 Cal. App. 752 [199 Pac. 1069]). It is evident that the act of 1919 pursuant to which this bond was given, was intended to apply to all those agencies or divisions of government, the buildings or structures of which were not subject to lien, and that when defendant admits in his answer that the Soquel Union School District is a duly organized and existing school district and a public corporation, he admits it is a state agency and political subdivision, and no further proof of such fact is required.

We are not in accord with appellant's contention that the court erred in striking out his equitable defense of estoppel. The most that can be said of this defense is that appellant in his answer alleges that prior to the execution of this bond, which it is not claimed was expressly authorized or executed with the knowledge of plaintiff or its officers or directors, appellant, who was in the employ of plaintiff, had executed other similar bonds that the plaintiff might secure certain business, and that on other previous occasions some of the officers of the plaintiff company had requested appellant to sign similar bonds. It is not alleged or claimed that plaintiff or its officers or directors authorized or directed appellant to sign this particular bond, not is it alleged or claimed that they had any knowledge that appellant proposed to execute this bond or had done so. When the case came on for trial an answer had been filed on behalf of appellant containing merely a general denial. The present counsel appeared for the first time on the morning of the trial and announced that he was ready to proceed to trial with the stipulation that the defendant Nelson be privileged to file his answer after the trial was concluded. It was then stipulated that defendant Nelson's answer would admit and deny certain allegations of the complaint, but no suggestion of any special defense of equitable estoppel was made in the stipulation, the defenses urged being that the statement filed by plaintiff was not sufficient to meet the requirements of the Public Works Act and that plaintiff's claim was barred by the provisions of the Public Works Act or sections 1184 to 1184c of the Code of Civil Procedure. ''Mr. Gallagher: Yes, I am going to deny that the withhold notice was filed with the board, and I am going to deny that the document purporting to be a withhold

notice is a withhold notice, and I am also going to allege by way of special defense that the plaintiff's claim is barred by the particular statute they predicate their action on.'' Pursuant to this stipulation the case proceeded to trial, and the evidence was adduced. The court had a full and complete understanding of the entire case, and when appellant's counsel sought to urge in his answer, when filed, an issue other than that contained in the stipulation and in addition to that upon which the case was tried, the court properly refused to permit him to do so.

Appellant finally complains of the fact that attorney's fees are included in the judgment: First, for the reason that plaintiff proceeded under section 1184 of the Code of Civil Procedure, and, second, the Public Works Act provides that attorney's fees must be taxed as costs. The first objection we have already considered. With respect to the second, it is true that the act provides for attorney's fees to be taxed as costs and to be included in the judgment, but the fixing of attorney's fees must be by the court and if included in the judgment must naturally be fixed at the time of the rendition of the decision so that the amount so allowed may be so included in the judgment. The act does not expressly or impliedly require that a cost bill be filed under section 1033 of the Code of Civil Procedure. Furthermore, we fail to see how appellant has been in any way prejudiced.

This disposes of the objections urged and from what has been said it follows that we find no error calling for a reversal of the judgment.

Judgment is affirmed.

Knight, J., and Tyler, P. J., concurred.