[Civ. No. 10185. First Appellate District, Division Two.—December 3, 1936.]

JOHN CASSARETTO, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

H. W. Hutton for Appellant.

Nat Schmulowitz, George B. Harris and Gavin McNab, Schmulowitz, Wyman, Aikins & Brune for Respondents.

SPENCE, J.—Plaintiff sought to recover money held by defendant City and County of San Francisco pursuant to a notice to withhold filed by plaintiff with the controller. Said defendant had refused to make payment because of conflicting claims to the fund but consented to make payment to the party determined to be entitled thereto. Defendant The Canadian Bank of Commerce claimed the fund by virtue of an assignment from E. D. McCaddam, who was doing business under the name of Antioch Sand Company. The cause was tried by the court sitting without a jury and resulted in judgment against plaintiff and in

favor of defendant The Canadian Bank of Commerce. Plaintiff appeals from said judgment.

The obligation of defendant City and County of San Francisco to pay the money in question arose out of the furnishing of sand to said city and county by said E. D. McCaddam, doing business as Antioch Sand Company, for use in making public improvements. Purchase orders were issued from month to month to the Antioch Sand Company specifying the amount of sand required. The sand was hauled by plaintiff from Antioch to its destination in said city and county under an agreement between plaintiff and the Antioch Sand Company. The amount remaining due to plaintiff from the Antioch Sand Company for hauling the sand was in excess of the amount remaining due from said city and county upon its agreement to purchase the sand from the Antioch Sand Company. The last delivery was made on August 25, 1933, and plaintiff's notice to withhold was filed on August 28, 1933. The claim of defendant The Canadian Bank of Commerce was based upon an assignment executed in its favor by Antioch Sand Company on May 1, 1933, notice of which assignment was given to the controller on May 2, 1933.

Numerous points are discussed in the briefs but if it be assumed that respondent held a valid assignment, the controlling question is that of priority as between appellant as claimant under the notice to withhold and respondent as claimant under the assignment. Many of the cases cited by respondent involved controversies which arose before the effective date of the amendment to the so-called Public Works Act in 1925 (Stats. 1925, p. 538; Deering's Gen. Laws, 1931, Act 6423), and if the provisions of that act as amended are applicable, said authorities are not in point. In section 2 of said act as amended are found the following provisions: "No assignment by the contractor of the whole or any part of the money due him or to be due him under the contract, or for 'extras' in connection therewith, whether made before a verified claim is filed as provided for herein or after said claim is filed, shall be held to take priority over claims filed under this section and such assignment shall have no binding force in so far as the rights of claimants who file claims hereunder, or their assigns, are concerned; . . . "

It is appellant's contention that said provisions are applicable under the facts before us and that appellant's claim is therefore entitled to priority over that of the respondent assignee. We are of the opinion that this contention must be sustained. The Public Works Act must be read in the light of the entire scheme provided by law for the protection of mechanics, materialmen and others. Said act makes numerous references to the sections of the Code of Civil Procedure relating to that subject and it has been said by the Supreme Court in *Globe Indemnity Co.* v. *Hanify,* 217 Cal. 721, at page 730 [20 Pac. (2d) 689], that it is "part of the mechanic's lien law of the state". (See, also, *Sunset Lumber Co.* v. *Smith,* 95 Cal. App. 307 [272 Pac. 1068].) Reading together all of the provisions of the law on this general subject, we believe it is clear that the provisions of the Public Works Act above set forth were intended to settle the question of priority under the circumstances before us. If it may be said that there is any doubt on the subject, we believe it to be the duty of the courts to liberally construe these provisions to the end that the general purpose and object of these laws may not be defeated. (17 Cal. Jur. 17.)

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 1, 1937.